```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|   |   |
|---|---|
| DAVID C. SCAPES and <br> ELVA H. SCAPES, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS MCKIMM, *et al*. <br><br> Defendants. | \* <br> \* <br> \* <br> \* <br> \* <br> \*     CIVIL NO.:  WDQ-09-2231 <br> \* <br> \* <br> \* |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

David and Elva Scapes sued ELRAC, Inc. ("ELRAC"),[1] Erie Insurance Exchange ("Erie Insurance"), and the United States[2] ("Government") for negligence and breach of contract arising from a car accident.[3]  Pending are five motions to dismiss.[4]  For the following reasons, they will be granted.

---

[1] The complaint improperly named "Enterprise Leasing Company" as a defendant instead of ELRAC, Inc.  *See* Paper No. 20 at 1.

[2] The Scapeses sued Thomas McKimm, a driver in the accident, *see* Compl. ¶ 2, but the Government was substituted as the defendant under 28 U.S.C. § 2679 on September 16, 2009.  *See* Paper No. 24.

[3] The Scapeses brought negligence claims against McKimm (Counts 1 & 2) and ELRAC (Counts 3 & 4) and breach of contract claims against Erie Insurance (Counts 5 & 6).

[4] Paper No. 20 was captioned as a motion to dismiss or for summary judgment.

I.   Background[5]

On September 1, 2006, David and Elva Scapes had a car accident with Thomas McKimm in Washington County, Maryland. Compl. ¶ 5.  McKimm was employed by the Department of the Army and acting within the scope of his employment.  *See* Mot. Substitute Ex. 1.

On July 1, 2009, the Scapeses filed a complaint in the Circuit Court for Washington County.  Paper No. 2.  On August 24, 2009, the Government removed the case to this Court and filed a motion to substitute itself for McKimm as the defendant under the Federal Tort Claims Act ("FTCA").  Paper No. 1, 6.  On September 9, 2009, the Government filed motions to dismiss on behalf of ELRAC and Erie Insurance.  Paper Nos. 19, 20, 21, 23. On September 16, 2009, the Court granted the motion to substitute and dismissed McKimm.  Paper No. 24.  On September 21, 2009, the Government filed a motion to dismiss for lack of subject matter jurisdiction.  Paper No. 25.

II.  Analysis

   A.   Standard of Review

A federal court generally may not rule on the merits of a case without first determining that it has subject matter

---

[5]   For these motions, the well-pleaded allegations in the Complaint are accepted as true.  *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

jurisdiction.  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31.  The plaintiff bears the burden of proof on subject matter jurisdiction.  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

    B.   Motions to Dismiss

The Government has filed motions to dismiss on behalf of Erie Insurance (Paper No. 19), ELRAC (Paper Nos. 20[6] & 23[7]), and Enterprise Leasing Company (Paper No. 21).  Because these motions are unopposed, they will be granted.

The Government has also filed a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Paper No. 25.  It argues that the complaint should be dismissed because the Scapeses have failed to (1) exhaust their administrative remedies as required by 28 U.S.C. § 2675(a), and (2) bring a claim within the two-year statute of limitations under 28 U.S.C. § 2401.

---

[6] This motion was captioned as a motion to dismiss or for summary judgment.  As there has been no discovery, the Court will consider this a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

[7] This motion represents that the Scapeses do not contest ELRAC's dismissal.  Paper No. 23 ¶ 2.

The FTCA is a limited waiver of sovereign immunity for suit against the United States for personal injuries caused by its employees. *See* 28 U.S.C. § 1346(b). A plaintiff must exhaust his administrative remedies by presenting his claim to the appropriate federal agency before filing suit in federal court. 28 U.S.C. § 2675(a).[8] The failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over an FTCA claim. 28 U.S.C. § 2675(a) (2006); see *also Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Because filing an administrative claim is a jurisdictional requirement, it may not be waived. *Henderson*, 758 F.2d at 123.

The Scapeses have argued that they were not required to exhaust their administrative remedies because "this was a tort action against an individual driving a rental vehicle not owned by the [government]" and there was no indication until the notice of removal that the Government intended to substitute itself as the defendant. Pl.'s Opp. 3. But "[w]hen the United States is substituted as party-defendant, the remedy against the United States becomes the exclusive remedy for the recovery of

---

[8] A claimant must "first present[] the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. §2675(a).

4

money damages against the [government] employee." Logan *v. United States*, 851 F. Supp. 704, 706 (D. Md. 1994)(*citing United States v. Smith*, 499 U.S. 160 (1991)).

The Scapeses' sole remedy against the Government for personal injuries allegedly caused by McKimm's negligence is under the FTCA.  Because the Scapeses had the burden of alleging compliance with administrative requirements and admit that they did not file a claim with the United States Army, the Court lacks subject matter jurisdiction.  Pl.'s Opp. 3.  Thus, the Government's motion to dismiss will be granted.[9]

III.  Conclusion

For the reasons stated above, the Court will grant the motions to dismiss.

December 1, 2009                        _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge

---

[9] Having no subject matter jurisdiction, the Court need not address the Government's limitations defense.